**ROTOLO KARCH LAW**
A Professional Corporation
502 Route 22 West
Lebanon, New Jersey 08833
(908) 534-7900
(908) 534-7743 (fax)
Attorneys for Plaintiff: Connor Beaton
Our File No.: 2106.64
Victor A. Rotolo, Esq.
Attorney ID 018511982

| | |
|---|---|
| **CONNOR BEATON**,<br><br>    Plaintiff,<br><br>vs.<br><br>**LG CHEM, LTD. & JOHN DOE ENTITIES (A TO J) & JOHN DOES (1 TO 10)**, fictitiously named presently unknown defendants who manufactured, designed, assembled, distributed, sold to the public, sold to Plaintiff (and performed related activities), maintained, inspected, repaired, serviced, and otherwise cared for two batteries, hereinafter referred to as "Product," that was placed into commerce,<br><br>    Defendants. | UNITED STATES DISTRICT COURT<br><br>DISTRICT OF NEW JERSEY<br><br><br>Civil Action No. _____<br><br><br>**COMPLAINT<br>AND JURY DEMAND** |

## COMPLAINT

Plaintiff, CONNOR BEATON, being of full age, by and through his attorneys, the Rotolo Law Firm, hereby says:

### PARTIES, JURISDICTION AND VENUE

1.  Plaintiff CONNOR BEATON is currently a citizen of South Carolina, however, at all times relevant, Plaintiff resided at 6 John Drive in Annandale, New Jersey with his family. Moreover, Plaintiff bought the subject lithium ion battery/ies manufactured by LG CHEM, LTD.

from retail store "Speakeasy Vapes" in Flemington, New Jersey, utilized the subject lithium ion battery/ies in New Jersey and his subsequent September 20, 2016 accident took place in New Jersey.

2. LG CHEM, LTD. is a South Korean company based in Seoul, South Korea which manufactures a variety of products, among which are lithium ion batteries, many of which at all relevant times were and continue to be utilized for vaporizers and/or electronic cigarettes and sold by retail stores across New Jersey and the United States.

3. Per LG CHEM, LTD's admissions to other United States District Courts, its lithium ion batteries "have enjoyed tremendous success in various markets . . .".  In addition, LG CHEM, LTD "has extensive involvement in the U.S. market . . ." and "has invested hundreds of millions of dollars and employs hundreds of people in the United States . . . who are dedicated to the design, research, development, manufacturing, testing, quality control, and customer care of its lithium-ion batteries for its U.S. customers."

4. JOHN DOE ENTITIES (A TO J) and JOHN DOES (1 TO 10) manufactured, designed, assembled, distributed, sold to the public, sold to Plaintiff (and performed related activities), maintained, inspected, repaired, serviced, and otherwise cared for the subject batteries that were placed into commerce.

5. This Court, in accordance with 28 U.S.C. Section 1332, has jurisdiction of Plaintiff's claims because there is complete diversity jurisdiction, as Plaintiff CONNOR BEATON is presently a citizen of South Carolina (and at all material times, of New Jersey) and Defendant LG CHEM, LTD. is a foreign (South Korean) corporation.  In addition, the amount in controversy exceeds $75,000.00, as Plaintiff CONNOR BEATON sustained serious third degree burns requiring skin

graft surgery as a result of the subject accident involving the explosion of LG CHEM, LTD's lithium ion battery.

6. Pursuant to 28 U.S.C. Section 1391(b)(2), venue is properly laid in this district because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district. In addition, venue is properly laid in this district pursuant to subsection (c)(3) of the aforementioned Code Section, as a defendant not resident in the United States (in this case, LG CHEM, LTD.) "may be sued in any judicial district . . ."

## FACTUAL BACKGROUND

7. In or about January 2016, Plaintiff purchased a FUCHAI-200W battery powered temperature controlled vaporizer -- as well as several batteries designed, manufactured and/or sold by LG CHEM, LTD from the retail store known as "Speakeasy Vapes" in Flemington, New Jersey.

8. Plaintiff purchased said batteries for the purpose of using them with the FUCHAI-200W battery powered temperature controlled vaporizer.

9. On the morning of September 20, 2016, in Hunterdon County, New Jersey one of the batteries manufactured and/or marketed by LG CHEM, LTD. spontaneously exploded and/or caught fire while in Plaintiff's right front pants pocket.

10. As a result thereof, Plaintiff suffered severe and permanent physical injuries, including but not limited to suffering severe burns and severe scarring on his right leg, requiring emergency medical treatment, hospitalization and surgery.

11. At the time of Plaintiff's purchase, the subject batteries were "wrapped" and boxed with an "MXJO" label – making it appear to a reasonable consumer that the batteries were designed and manufactured by "MXJO" – a Chinese business entity.

12. Therefore, the identity of the actual designer and manufacturer of the subject batteries was unknown until on or around June 4, 2018, when Plaintiff's battery expert identified the subject batteries as designed and manufactured by "LG CHEM".

13. Upon information and belief, in the interests of maximizing profit, at all relevant times Defendant battery designer and manufacturer LG CHEM, LTD sold, distributed and/or otherwise provided its defective and/or non-conforming batteries to "MXJO" and/or similar foreign entities for "rewrapping" – rather than responsibly discarding, destroying and/or otherwise controlling and/or disposing of them.

## **COUNT I (Strict Liability/NJ Product Liability Act)**

14. Defendant LG CHEM, LTD & JOHN DOE ENTITIES (A TO J) and JOHN DOES (1 TO 10) designed, manufactured, assembled, maintained, inspected, repaired, serviced, distributed, marketed, sold and/or otherwise cared for two batteries (hereinafter referred to as the "Product,") that were placed into commerce and sold to the public, including, but not limited to, Plaintiff.

15. Defendant LG CHEM, LTD & JOHN DOE ENTITIES (A TO J) and JOHN DOES (1 TO 10) willfully, wantonly, carelessly, negligently and/or recklessly designed, manufactured, assembled, maintained, inspected, repaired, serviced, distributed, marketed and/or sold the Product without adequate warnings, safety devices and/or instructions for the Product; placed said Product into the stream of commerce in a dangerous and defective condition not reasonably fit, suitable, and/or safe for its intended purpose; and did further cause unreasonable dangers to all persons who used or came into contact with the Product, all of which were constructively or actually known or should have been known to the Defendant.

16. As a direct and proximate result of the conduct of Defendant LG CHEM, LTD & JOHN DOE ENTITIES (A TO J) and JOHN DOES (1 TO 10) the Plaintiff was injured on September 20, 2016; was caused to suffer severe, permanent, and painful injuries; incurred substantial medical expenses; was caused to miss time from work and his usual activities; endured great pain and suffering; has been materially and adversely affected; and he has otherwise been damaged.

**WHEREFORE**, the Plaintiff demands judgment against Defendant LG CHEM, LTD & John Doe entities (A to J) and John Does (1 to 10) for compensatory damages, punitive damages, together with attorney fees, interest, costs of suit and such other relief as the Court seems just and appropriate.

## **COUNT II (Negligence)**

17. Plaintiff repeats and re-alleges the above paragraphs by reference as if set forth at length herein.

18. The aforementioned Defendants owed a duty to Plaintiff, including, but not limited to: the duty to control the subject batteries that it sold, distributed and/or otherwise provided to "MXJO" and/or similar entities for rewrapping purposes, and/or to otherwise limit the subject batteries' sale for e-cigarette and/or "vaping" use if the subject batteries were not designed for such purpose. Moreover, the aforementioned Defendants failed to warn or instruct downstream sellers and/or users of the proper use of the subject batteries, as well as the proper storage and transport methods for lithium ion batteries; and failed to provide proper cases for storage.

19. In the interests of profit, the aforementioned Defendants breached the above referenced and other such duties; said breach constituting negligence.

20. As a direct and proximate result of the negligence of the aforementioned Defendants, the Plaintiff was injured on September 20, 2016; was caused to suffer severe, permanent and painful injuries; incurred substantial medical expenses; was caused to miss time from work and his usual activities; endured great pain and suffering; has been materially and adversely affected; and he has otherwise been damaged.

WHEREFORE, the Plaintiff demands judgment against Defendant LG CHEM, LTD. & John Doe entities (A to J) and John Does (1 to 10) for compensatory damages, punitive damages, together with attorney fees, interest, costs of suit and such other relief as the Court seems just and appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury as to all issues raised in this Complaint.

## DESIGNATION OF TRIAL COUNSEL

VICTOR A. ROTOLO, Esquire is designated as trial counsel in this matter.

**ROTOLO KARCH LAW**

By: */s/ Victor A. Rotolo, Esq.*

Dated: June 3, 2020

Victor A. Rotolo, Esq.