<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CONNOR BEATON,<br><br>     Plaintiff,<br><br>     v.<br><br>LG CHEM, LTD, *et al.*,<br><br>     Defendants. | Case No. 2:20-cv-06806-BRM-ESK<br><br>OPINION |

**MARTINOTTI, DISTRICT JUDGE**

    Before this Court is a Motion to Dismiss filed by Defendant LG Chem, Ltd. ("LG") seeking to dismiss Plaintiff Connor Beaton's ("Beaton") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). (ECF No. 7.) Beaton opposed LG's motion. (ECF No. 13.) Also before this Court is Beaton's Cross Motion to Transfer pursuant to 28 U.S.C. § 1406(a). (ECF No. 12.) LG filed a reply in support of its motion and in opposition to Beaton's cross motion. (ECF No. 15.) Having reviewed the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, LG's Motion to Dismiss is **GRANTED**, and Beaton's Cross Motion to Transfer is **DENIED**.

**I.  BACKGROUND**

    Beaton, at relevant times, resided at 6 John Drive in Annandale, New Jersey with his family. (ECF No. 1 ¶ 1.) LG is a South Korean company based in Seoul, South Korea. (*Id.* ¶ 2.) In or about January 2016, Beaton purchased a battery-powered temperature controlled vaporizer and

several 18650 lithium ion batteries from the retail store known as "Speakeasy Vapes" in Flemington, New Jersey. (*Id*. ¶¶ 2, 7.) Beaton purchased these batteries to use them with the temperature controlled vaporizer. (*Id*. ¶ 8.) At the time of purchase, the batteries were wrapped and boxed with a label of "MXJO," which is a Chinese business entity. (*Id*. ¶ 11.) On September 20, 2016, in Hunterdon County, New Jersey, one of the batteries spontaneously exploded and/or caught fire while in Beaton's right front pants pocket. (*Id*. ¶ 11.) This incident caused Beaton physical injuries, including burns and scarring on his right leg. (*Id*. ¶ 10.) On or around June 4, 2018, Beaton's battery expert determined the batteries were designed and manufactured by LG. (*Id*. ¶ 12.)

LG alleges it: (1) does not design, manufacture, distribute, advertise, or sell 18650 lithium ion battery cells directly to consumers in New Jersey, or anywhere else, for use as standalone, removable batteries, (2) has never conducted any business with Speakeasy Vapes or MXJO, and (3) has never authorized MXJO, Speakeasy Vapes, or anyone else to sell its 18650 lithium ion cells directly to consumers for use as standalone batteries in New Jersey, or anywhere else, whether sold as "LG" brand or re-wrapped in another company's exterior wrapper. (ECF No. 7-1 at 6.)

In December 2016, Beaton filed a complaint in the Superior Court of New Jersey, Law Division, Middlesex County, asserting product liability claims against Speakeasy Vapes and the related owner individuals/entities (the "State Court Lawsuit"). (ECF No. 7-2 at 34; ECF No. 13-12 at 5.) In July 2018, Beaton amended the complaint to add LG as a defendant. (ECF No. 13-12 at 5.) On April 24, 2020, the Superior Court granted LG's motion to dismiss for lack of personal jurisdiction. (*Id*. at 6.)

On June 3, 2020, Beaton filed a Complaint in this Court, asserting claims for strict liability (Count I) and negligence (Count II) against LG and fictitious John Doe defendants. (ECF No. 1.)

On November 10, 2020, LG filed a Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (ECF No. 7.) On December 8, 2020, Beaton opposed LG's motion (ECF No. 13) and filed a Cross Motion to Transfer the case to Eastern District of California or Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a). (ECF No. 12.) On December 14, 2020, LG filed a rely in support of its motion and in opposition to Beaton's cross motion. (ECF No. 15.)

## II.  LEGAL STANDARD

### A.  Motion to Dismiss for Lack of Personal Jurisdiction

"A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, *i.e.*, whether *in personam* jurisdiction actually lies." *Patterson v. FBI*, 893 F.2d 595, 603 (3d Cir. 1990) (citing *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)). "If an issue is raised as to whether a court lacks personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007) (citing *GE v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)). "To sustain that burden, a plaintiff must establish jurisdictional facts through sworn affidavits and competent evidence," and may not "rely on the bare pleadings alone." *CMC Food, Inc. v. Mitlitsky Eggs, LLC*, Civ. A. No. 18-8939, 2019 U.S. Dist. LEXIS 178902, at *10 (D.N.J. Oct. 16, 2019) (citing *Benitez v. JMC Recycling Sys., Ltd.*, 97 F. Supp. 3d 576, 581 (D.N.J. 2015)). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citations omitted). "[I]n reviewing a motion to dismiss under Rule 12(b)(2), [the court] 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d

3

Cir. 2002) (citing *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)).

"A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citations omitted). "[T]o exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry." *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 258–59 (3d Cir. 1998). "First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction; then, the court must apply the precepts of the Due Process Clause of the Constitution." *Id*. at 259.

There are "two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citing *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011)). "General jurisdiction . . . extends to 'any and all claims' brought against a defendant." *Id*. (citing *Goodyear*, 564 U.S. at 919). "To achieve general jurisdiction over an individual or corporation, affiliations with the forum state must be so continuous and systematic as to render them essentially at home in the forum State." *Koch v. Pechota*, 744 F. App'x 105, 110 (3d Cir. 2018) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)) (internal quotations omitted). "For a corporation, 'the place of incorporation and principal place of business' are where it is 'at home' and are, therefore, the paradigm bases for general jurisdiction." *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 563 (3d Cir. 2017) (citing *Daimler*, 571 U.S. at 137). "[I]n an exceptional case, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n.19 (citations omitted).

4

"Specific jurisdiction is different: It covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor*, 141 S. Ct. at 1024. "The inquiry as to whether specific jurisdiction exists has three parts:" (1) "the defendant must have purposefully directed [its] activities at the forum;" (2) "the litigation must arise out of or relate to at least one of those activities;" and (3) "if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (citations and internal quotation marks omitted). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) (citing *Goodyear*, 564 U.S. at 919).

### B.     Motion to Transfer

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A civil action may be brought in:"

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The burden of establishing the need for transfer . . . rests with the movant." *Jumara v. State Farm Ins.*, 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). The moving party

must "show the proposed forum is not only adequate, but also more convenient than the present forum." *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 499 (D.N.J. 1998) (citations omitted).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether to transfer falls in the sound discretion of the trial court." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 377 (D.N.J. 2000) (citations omitted).

> The Third Circuit has enumerated private and public factors that courts should consider when deciding a motion to transfer:
> The private factors include: (1) Plaintiff's choice of forum; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of witnesses, only to the extent that they may be unavailable for trial in one of the fora; and (6) the location of books and records, again only to the extent that they could not be produced in one of the fora.
> The public interests include: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulties in the two fora resulting from court congestion; (4) local interests in deciding local controversies at home; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*MaxLite, Inc. v. ATG Elecs., Inc.*, 193 F. Supp. 3d 371, 392 (D.N.J. 2016) (citing *Jumara*, 55 F.3d at 879).

### III. DECISION

#### A. The Court Denies Beaton's Cross Motion to Transfer

Beaton insists the Court should refrain from dismissing the Complaint and, instead, transfer the case to an appropriate venue where jurisdiction exists. (ECF No. 13-12 at 7.) Beaton contends the case can be transferred to the Eastern District of California, where LG is subject to specific

6

jurisdiction because of its plethora of contacts with California. (*Id*. at 8, 12 (citing *Berven v. LG Chem, Ltd.*, Civ. A. No. 18-01542, 2019 U.S. Dist. LEXIS 66505 (E.D. Cal. Apr. 18, 2019)).) Beaton also contends LG is subject to specific and general jurisdiction in the Eastern District of Michigan, because LG consented to personal jurisdiction in Michigan by having (1) voluntarily utilized the forum to seek relief or defense in several other lawsuits relating to lithium ion battery and (2) made representations of LG's contacts with Michigan in the State Court Lawsuit. (*Id*. at 12–15.) Beaton argues, in light of his and other users' injuries allegedly caused by LG's defective batteries, the interest of justice will be served by transferring this case to an appropriate forum in lieu of dismissal. (*Id*. at 15–17.)

LG counters that § 1406 does not authorize transfer of this action, because LG would not have been subject to personal jurisdiction on Beaton's claims had Beaton filed suit in either California or Michigan. (ECF No. 15 at 14.) LG posits the interest of justice cannot be served by transferring this case to a forum that does not have personal jurisdiction. (*Id*. at 29–30.) LG argues *Berven* is distinguishable, because it involved California plaintiffs who claimed to have purchased and used a lithium ion battery in California, which was allegedly manufactured by LG in Korea, and sought to connect their California claims to LG's connections to California. (ECF No. 15 at 19.) LG considers the *Berven* decision inconsistent with controlling law and irrelevant to the question of whether LG is subject to personal jurisdiction on claims asserted by plaintiffs in states other than California, like Beaton who purchased and used a battery in New Jersey. (*Id*. at 19 & n.1.) LG stresses its consent to jurisdiction in Michigan for purposes of prior business and patent dispute cases, which have no connection to this litigation, cannot support the exercise of jurisdiction in Michigan here. (*Id*. at 26.) LG asserts no exceptional circumstance exists to subject it to general jurisdiction in California or Michigan, where it is not at home. (*Id*. at 23, 28.) LG

maintains it is not subject to specific jurisdiction in either California or Michigan, because Beaton has not presented any evidence that his claims arose out of any LG's contacts with those states. (*Id*. at 24, 29.) The Court agrees.

First, LG is not subject to general jurisdiction in California or Michigan. Nothing in the record suggests LG is incorporated or has a principal place of business in California or Michigan. Instead, in his Complaint, Beaton admits LG "is a South Korean company based in Seoul, South Korea." (ECF No. 1 ¶ 2.) Also, Beaton does not allege any facts sufficient to find "an exceptional case," where LG's "operations in another forum may be so substantial and of such a nature as to render the corporation at home in that State," such that "[t]he exercise of general jurisdiction is not limited to" its "place of incorporation and its principal place of business." *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (citations and internal quotation marks omitted).

In particular, Beaton does not argue LG is subject to general jurisdiction in California. As for Michigan, Beaton only mentions LG's "substantial connections" with the state, which allegedly constitute a major part of LG's involvement in the U.S. market. (ECF No. 13-12 at 12–15.) This is insufficient for finding "an exceptional case," because the general jurisdiction inquiry for LG, a foreign-based corporation, is incomplete when the relevant evidence, as here, is limited to its connections with the U.S. market. *See Daimler*, 571 U.S. at 139 n.20 ("General jurisdiction . . . calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them.").

Second, LG is not subject to specific jurisdiction in California or Michigan, because nothing in the record shows Beaton's claims arose out of or related to LG's contacts with California or Michigan. *Ford Motor*, 141 S. Ct. at 1026 (citing *Bristol-Myers Squibb*, 137 S. Ct. at 1780) ("[The] most common formulation of the rule [governing specific jurisdiction] demands that the

8

suit 'arise out of or relate to the defendant's contacts with the forum.'"). Beaton's invocation of *Berven* does not change the analysis. The court in *Berven* found it could exercise specific "personal jurisdiction over LG," because (1) LG had "extensive contacts with the forum regarding the" battery that allegedly caused the plaintiff's injury, and (2) "there [wa]s a direct nexus between the forum and the [plaintiffs'] claims: the [b]attery was purchased in California from a California retailer, the [b]attery was used in and exploded in California, and the injury occurred in California and to a California resident." *Berven*, 2019 U.S. Dist. LEXIS 66505, at *39–40 (citing *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460–61 (9th Cir. 2007)). Here, Beaton presents no nexus between his claims and California/Michigan. Instead, the Complaint indicates Beaton bought, used, and was injured by the battery, allegedly made by LG, in New Jersey. (ECF No. 1 ¶ 1.) Therefore, *Berven* does not support finding LG is subject to specific jurisdiction in California or Michigan on Beaton's claims.

Third, nothing in the record suggests LG consented to personal jurisdiction in Michigan. Even though LG previously sought to litigate in Michigan courts for disputes involving lithium ion batteries, these prior lawsuits—which Beaton did not participate in, and involved patent infringement, not product liability (ECF No. 13-12 at 12–14; ECF No. 13-10 at 2–3; ECF No. 13-11 at 2)—are unrelated to Beaton's product liability case. As a result, LG's jurisdictional positions in these prior lawsuits could not constitute consenting to personal jurisdiction in Michigan for this litigation. *RP Healthcare, Inc. v. Pfizer, Inc.*, Civ. A. No. 12-5129, 2017 U.S. Dist. LEXIS 162380, at *11 (D.N.J. Sept. 28, 2017) (citations omitted) ("[T]he fact that a defendant has admitted to personal jurisdiction in one case does not necessarily mean that the same defendant is subject to personal jurisdiction in another, separate case."); *Fesniak v. Equifax Mortg. Servs. LLC*, Civ. A. No. 14-3728, 2015 U.S. Dist. LEXIS 66238, at *16 (D.N.J. May 20, 2015) (rejecting the plaintiff's

9

"theory that [the defendant's] participation in a prior lawsuit in this forum concerning different claims with different parties constitute[ed] consent to settle all future disputes in New Jersey"); *see also Kalama v. Matson Navigation Co.*, 875 F.3d 297, 306 (6th Cir. 2017) ("[I]t would be improper to impute statements about waiver of personal jurisdiction made on behalf of a defendant in one lawsuit to the same defendant in a separate suit."); *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 835 (9th Cir. 2005) ("[D]efense on the merits in a suit brought by one party cannot constitute consent to suit as a defendant brought by different parties."); *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione, etc.*, 937 F.2d 44, 50 n.5 (2d Cir. 1991) ("A party's consent to jurisdiction in one case, however, extends to that case alone.").

The alleged representations of LG's counsel in the State Court Lawsuit do not change the conclusion. LG has a constitutional right to assert a personal jurisdiction defense. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 807 (1985) (citing *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–03 & n. 10 (1982)) ("[T]he requirement that a court have personal jurisdiction comes from the Due Process Clause's protection of the defendant's personal liberty interest."). Therefore, even though LG may "consent to personal jurisdiction by waiving any objection to it," *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (citing *Ins. Corp. of Ir.*, 456 U.S. at 703), such a waiver must be clear. *Fuentes v. Shevin*, 407 U.S. 67, 95 (1972) ("[A] waiver of constitutional rights in any context must, at the very least, be clear."). Here, LG's counsel, in an oral argument in the State Court Lawsuit, stated that it was "not saying that [LG's batteries] [we]ren't sent to [a distributor] maybe in Michigan but they're not sent to New Jersey." (ECF No. 13-12 at 14–15.) Such a statement could not be a clear waiver of the personal jurisdiction defense, because it (1) was made in the context of LG denying any connection between LG and New Jersey, when the personal jurisdiction over LG in Michigan was

not at issue, and (2) only indicated LG's batteries were sent to a distributor *maybe* in Michigan, which was not a clear admission of LG's contacts with Michigan. Moreover, Beaton does not allege LG's counsel admitted in the State Court Lawsuit: (1) any relationship existed between Beaton's claims and LG's Michigan connections, as necessary for finding specific jurisdiction over LG in Michigan, or (2) LG was essentially at home in Michigan, so that it could be subject to general jurisdiction there. Therefore, nothing in the record suggests LG consented to personal jurisdiction in Michigan.

Accordingly, Beaton has not shown it could have brought, or the parties consented to bring, this case in the Eastern District of California or the Eastern District of Michigan. Because the transferee forums proposed by Beaton are inadequate, the interest of justice considerations cannot warrant a transfer here. *See Yang v. Odom*, 409 F. Supp. 2d 599, 605 n.11 (D.N.J. 2006) (citing *Am. Cyanamid v. Eli Lilly & Co.*, 903 F. Supp. 781, 784 (D.N.J. 1995)) (internal quotation marks omitted) ("[A] court may transfer an action only if the plaintiff had an unqualified right to bring the action in the transferee forum at the time of the commencement of the action."); *see also Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970) (citing *Jones v. Valley Welding Supply Co.*, 303 F. Supp. 9 (W.D. Pa. 1969)) (vacating a transfer order that "simply recited that it was the district court's conclusion that . . . such transfer [wa]s appropriate for the convenience of parties and witnesses in the interest of justice," without a prerequisite "determination that the suit could have been rightly started in the transferee district"). Therefore, Beaton's Cross Motion to Transfer is denied.

### B. The Court Dismisses Beaton's Complaint With Prejudice

Beaton requests an opportunity to amend the Complaint, should the Court find the Complaint deficient. (ECF No. 13-12 at 17.) LG counters Beaton's motion to amend the Complaint

11

must be denied, because: (1) Beaton failed to attach a proposed amended complaint that could cure the defects in the Complaint; (2) any amendment would be futile; and (3) the motion was made in a bad faith dilatory tactic to cause undue delay and prejudice. (ECF No. 15 at 33.) The Court declines to grant Beaton an opportunity to amend, because any amendment of the Complaint would be futile.

"Reasons a court could deny leave to amend include undue delay, bad faith, dilatory motive, prejudice, and futility." *Fonti v. Health Prof'ls & Allied Emples.*, Civ. A. No. 13-4231, 2015 U.S. Dist. LEXIS 43526, at *8 (D.N.J. Apr. 2, 2015) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). "An amendment is futile if the amended complaint would not survive a motion to dismiss." *Cnty. of Hudson v. Janiszewski*, 351 F. App'x 662, 666 (3d Cir. 2009) (citing *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)).

Here, the parties agree Beaton is collaterally estopped from litigating the issue of this Court's personal jurisdiction over LG (ECF No. 15 at 12; ECF No. 13-12 at 6), which warrants dismissing the Complaint for lack of personal jurisdiction. As a result, "[a]llowing an opportunity to amend . . . would be futile," because Beaton "cannot overcome the collateral estoppel bar." *Surgical Orthomedics, Inc. v. Brown Rudnick LLP*, Civ. A. No. 12-6652, 2013 U.S. Dist. LEXIS 87418, at *16 n.6 (D.N.J. June 21, 2013); *see also Gary v. Workers Comp. Appeals Bd.*, Civ. A. No. 19-961, 2019 U.S. Dist. LEXIS 106089, at *1–2 (M.D. Pa. June 24, 2019) (dismissing the plaintiff's complaint with prejudice, because "the grant of any further leave to amend the complaint would be futile, as [p]laintiff's claims [we]re barred by collateral estoppel"); *Mateen v. Am. President Lines*, Civ. A. No. 12-6849, 2013 U.S. Dist. LEXIS 107549, at *24 (D.N.J. July 31, 2013) ("Since [p]laintiff's challenges were either already raised or, at the very least, had to be raised before [the state court judge], [the state court judge's] dismissal of [p]laintiff's claims

12

precludes [p]laintiff's instant challenges and . . . makes clear that granting [p]laintiff leave to amend his [c]omplaint would be futile.").

Accordingly, the Court dismisses with prejudice the Complaint for lack of personal jurisdiction, and Beaton cannot continue with this litigation via an amended complaint or motion to transfer. *See Republic of Kazakhstan v. Ketebaev*, Civ. A. No. 17-246, 2018 U.S. Dist. LEXIS 97031, at *63–64 (N.D. Cal. June 8, 2018) (denying the plaintiff's motion to transfer under 28 U.S.C. § 1631,[1] and dismissing with prejudice the plaintiff's complaint for lack of personal jurisdiction because "allowing further leave to amend would be futile"); *Abuhouran v. Fletcher Allen Healthcare*, Civ. A. No. 07-5108, 2010 U.S. Dist. LEXIS 40578, at *3–4 (D.N.J. Apr. 26, 2010) (denying "as moot" the plaintiff's motion for leave to file a renewed motion to transfer "with respect to" several defendants, because "[t]his action . . . was dismissed as to" these defendants); *Pedzewick v. Foe*, 963 F. Supp. 48 (D. Mass. 1997) (denying the plaintiff's motion to transfer under 28 U.S.C. § 1631 and 28 U.S.C. § 1406(a), and dismissing with prejudice the plaintiff's complaint for lack of personal jurisdiction because "[t]he parties agree[d] that [the court] lack[ed] personal jurisdiction over the [d]efendants").

## IV.   CONCLUSION

For the reasons set forth above, LG's Motion to Dismiss is **GRANTED**, and Beaton's Cross Motion to Transfer is **DENIED**. The Court Beaton's Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

---

[1] Section 1631 allows a court to transfer, "if it is in the interest of justice," an action to another forum "in which the action or appeal could have been brought at the time it was filed," whenever the court "finds that there is a want of jurisdiction." 28 U.S.C. § 1631. "Section 1631 is limited to situations where the [transferor] court lacks 'jurisdiction.'" *Int'l Constr. Prods. LLC v. Caterpillar Inc.*, Civ. A. No. 15-108, 2020 U.S. Dist. LEXIS 142555, at *4 (D. Del. Aug. 10, 2020). In comparison, "Section 1404(a) applies more broadly to transfer for 'convenience.'" *Id.* at *5.

13

**Date: August 26, 2021**         */s/ Brian R. Martinotti*
                                                   **HON. BRIAN R. MARTINOTTI**
                                                   **UNITED STATES DISTRICT JUDGE**